1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EDWARD A. MESSER,

               Plaintiff,

     v.

UNUM LIFE INSURANCE COMPANY OF
AMERICA,

              Defendants.

No. C04-5445RBL

ORDER GRANTING
DEFENDANT'S MOTION
TO DISMISS

## SUMMARY

This matter is before the court on both Plaintiff Messer [Dkt. #10] and Defendant Unum Life

Insurance Company of America's ("Unum") [Dkt. #8] Motions for Summary Judgement.  Defendant

Unum argues that its decision to deny Plaintiff Messer's disability benefits was not an abuse of discretion

and that the merits justify their Motion.  Conversely, Plaintiff Messer contends that the appropriate

standard of review for Messer's denial of benefits is de novo, but that under either standard, this Court

should grant his Motion.  The Court has considered all pleadings filed in support and opposition of these

Motions and the remainder of the file herein.

Plaintiff Messer brings this action to recover disability benefits under a group insurance policy

(Policy) purchased by his former employer Suburban Propane LP for the benefit of its employees.  The

Policy is governed by the Employee Retirement Income Security Act of 1974 (ERISA) and any

ORDER                            1

amendments.  The parties disagree as to whether Messer's visit to a chiropractor (prior to his employment) satisfied the Policy's criteria for a pre-existing condition.  If it did, then Messer cannot recover any benefits.

### Factual and Procedural Background

Messer alleges he was improperly denied benefits pursuant to the Policy by Defendant Unum.  The Policy clearly grants Unum discretion in providing benefits:

> When making a benefits determination under the policy, Unum has the discretionary authority to determine your eligibility for benefits and to interpret the terms and provisions of the policy.

The policy excludes the extension of benefits for pre-existing conditions.  At issue in this case is the application of "pre-existing condition" to Messer's ailment.  The Policy defines pre-existing condition as:

> You have a pre-existing condition when you apply for coverage when you first become eligible if:
>
> -you received medical treatment, consultation, care or services including diagnostic measures, or took prescribed drugs or medicines in the last 3 months just prior to your effective date of coverage; and the disability begins in the first 12 months after your effective date of coverage.

Messer began work for Suburban Propane on March 18, 2003.  Pursuant to the terms of the Policy, his effective date of coverage was April 18, 2003.  As such, the pre-existing condition exclusionary period ran from January 18, 2003 through April 17, 2003.

In September 2003, well within the relevant first 12 months of his employment, Messer ceased work due to lower back pain and filed a claim for benefits under the Policy.  Unum investigated the claim.  Messer's medical records revealed a visit to Frank Door D.C., a licensed chiropractor, on March 17, 2003.  The visit was within the three month window prior to the first effective day of coverage, for purposes of exclusion.  Unum determined that the visit triggered the pre-existing clause.  Accordingly, Unum denied Messer's claim.

Messer appealed.  He argued that the pre-existing clause was not broad enough to include chiropractors.  Messer alleges that upon receipt of the appeal, Unum's claim manager did not seek a legal

opinion as to whether chiropractic care fell under the pre-existing condition clause.  Rather, Unum

employees undertook a "Medical File Review" in which the following referral question was sent to Laura

Mininnni, RN and Charles Sternberg, MD (both are Unum consultants):

> Did the [employee] receive medical treatment, consultation, care or services including diagnostic
> measures, or prescribed drugs or medications in the PreEx period of 1/18/03 - 4/17/03?  Provide
> rationale.

Both stated that Dr. Door's chiropractic care was within the pre-existing period and consisted of

"care" for the same condition for which Messer later underwent surgery.  They affirmed the denial of

benefits.  Messer alleges that their decision was silent in regard to whether chiropractic treatment

constituted "medical treatment, consultation, care or services...," as required under the pre-existing

condition clause.

On July 12, 2004, Unum again denied Messer's application for benefits.  Unum reiterated that the

visit to the chiropractor triggered the pre-existing clause.  Messer alleges that this third denial also

referenced the opinions of Unum's  medical consultants without referencing any legal opinions as to the

application of the pre-existing clause to chiropractors.  This litigation followed.

### STANDARD OF REVIEW

An  administrative claims determination under ERISA may be reviewed either de novo or under an

abuse of discretion standard.  The "default" standard is *de novo*, unless the policy at issue unambiguously

grants to the fiduciary discretion to determine benefit eligibility.  *See Kearney v. Standard Insurance

Company*, 175 F.3d 1084, 1089 (9th Cir. 1999).  The policy at issue here unambiguously granted the

fiduciary such discretion.  Plaintiff Messer does not argue otherwise.  Consequently, Unum's plan is

reviewed under an abuse of discretion standard of review.

Where the policy provides such discretion, however, review of a claims administrator's

determination may be *de novo*.  To return to a *de novo* standard of review, the claimant must demonstrate

"that the fiduciary had a conflict of interest that caused a breach of its fiduciary obligations."  *See Firestone*

*Rubber & Tire Co. v. Burch*, 489 U.S. 101 (1989); *Atwood v. Newmont Gold Co. Inc.,* 45 F.3d 1317 (9th Cir. 1995) ("We hold that this "heightened standard" [applicable where the administrator is also the employer] does not alter our traditional abuse of discretion review in the absence of specific facts indicating that [the employer/administrator's] conflicting interest caused a serious breach of the plan administrator's fiduciary duty to. . . the plan beneficiary.") It is a two part test. First, the claimant must demonstrate an apparent conflict of interest. *See Atwood,* 45 F.3d at 1323-24. Second, the conflict of interest must have affected the administration of the Policy. *Id.* The conflict of interest must exist more than in theory, it must be an actual conflict of interest. If the two-part *Atwood* test is met, Unum's denial of benefits is reviewed under a *de novo* standard of review.

Plaintiff Messer argues that he meets both parts of the *Atwood* test. First, Messer asserts Unum had an apparent conflict of interest. An apparent conflict of interest exists where the "plan administrator is responsible for both funding and paying for claims." *Bendixen v. Standard Inurance Co.,* 185 F.3d 939, 942 (9th Cir. 1999). Unum does have an apparent conflict of interest because it funds and pays for claims. *See Lang v. Long Term Disability Plan of Sponsor Applied Remote/Technology, Inc.,* 125 F.3d 794, 797 (9th Cir. 1997) (holding that an administrator who receives premiums and pays beneficiaries from its own assets has an apparent conflict of interest). Because of Unum's apparent conflict of interest, Messer meets the first condition of the *Atwood* test.

Messer must also show that Unum's apparent conflict of interest effected its decision to deny his benefits. There must be an actual conflict of interest. This issue is at the heart of the dispute. It can be boiled down to a simple question: Who should have defined "chiropractor" in relation to the Policy? The answer is dispositive in addressing both motions.

Plaintiff Messer alleges that Unum breached its fiduciary obligation "by failing to seek a legal opinion as to the meaning of the pre-existing condition clause before making its ultimate determination." [Dkt. # 8, p.5]. Messer further contends that this issue was "squarely before" Unum upon Messer's first

appeal of the denial, and that Unum again declined to obtain a legal opinion. *Id.*   The omission, argues Messier, elevates the apparent conflict of interest into an actual conflict of interest.

The problem with Messer's argument lies in its circularity.  Messer does not deny that when the claim was first encountered by Unum the appropriate standard of review was abuse of discretion.  This is important because at some point in Unum's decision making process Messer must show that Unum abused its discretion rather than simply erring in judgment.

Reconstructing the process illustrates the point. The first step in Unum's decision making process was receipt of the claim, whereupon Unum had no choice but to evaluate it.  Unum discovered that Messer had visited a chiropractor for a similar ailment to the one his claim rested upon.  Unum then determined that the ailment was a pre-existing condition because the chiropractor treated the same lower back pain which was operated upon, and, a visit to a chiropractor constitutes "medical...care and services."  Messer argues that at this point in the process Unum should have foregone classification of "chiropractor" and instead sought a legal opinion on the term.

Messer's argument assumes that a decision about the status of a chiropractor is strictly legal in nature.  It follows from Messer's assumption, then, that the decision to forego classification of "chiropractor" and instead pursue a legal opinion on the matter is itself legal in nature.  That is, the decision to pursue legal advice necessarily follows from concluding that the initial review of the claim was a legal question.  Herein lies the tension of Messer's argument.  Messer challenges Unum using its discretion to decide that the claim did *not* raise a legal question, but argues--at the same time--that Unum *should* have used its discretion to decide the claim *was* a legal question.  Messer cannot have it both ways. He must demonstrate a relative difference between one as an act and the other as an omission.  He fails to do so.  Without that demonstration the Court assumes that the two decisions, to seek and to forego a legal opinion on the status of "chiropractor," are similar in nature.  If Unum had the discretion to make one, then it had the discretion to make both.  Thus, there was not an actual conflict of interest which affected

Unum's decision.

Without a demonstration of an actual conflict of interest, the appropriate standard of review remains abuse of discretion.  The decision to deny Messer's benefits is reviewed accordingly.

### SUMMARY JUDGMENT STANDARD

When ERISA claims are raised, Motions for Summary Judgment are not typical.  As the Ninth Circuit articulated:

> Where the discretion to grant or deny [ERISA] benefits is reviewed for abuse of discretion, a motion for summary judgment is merely the conduit to bring the legal question before the district court and the usual tests of summary judgment, such as whether a genuine issue of material fact exists, do not apply.

*Bendixen,* 185 F.3d at 942.  Thus, the parties' Motions for Summary Judgment are determined by the presence or lack of an abuse of discretion. *Id.*

### DEFENDANT UNUM'S MOTION FOR SUMMARY JUDGMENT ON THE MERITS

Defendant Unum has moved for Summary Judgment, seeking a determination that they did not abuse their discretion and requesting the affirmation of the administrative denial of benefits under the Plan.  ERISA plan administrators abuse their discretion in one of three ways: By rendering decisions without an explanation, construing provisions of the plan in a way that conflicts with the plain language of the plan, or relying on clearly erroneous findings of fact in making benefit determinations. *See Bendixen,* 185 F.3d at 944.  Plaintiff Messer alleges the second.[1]  He argues that Unum's interpretation of "medical...care and services" is not consistent with the plan's plain language in relation to "chiropractor."

Unum's decision to deny Messer's benefits will be upheld "'if it is based upon a reasonable interpretation of the plan's terms and was made in good faith.'" *Estate of Shockley v. Alyeska Pipeline Serv. Co.,* 130

---

[1] The first and third possible abuses of discretion are not at issue here.  Unum furnished an explanation for their decision [*see e.g.* Dkt. #8].  Plaintiff Messer does argue that Unum has not provided an explanation of their "legal decision," but that issue is addressed infra.  The Court also need not look for an erroneous finding of fact.  In making the argument that Unum's abuse of discretion is a "legal" matter, Messer eliminated the possibility of construing this issue as an erroneous finding of fact.

F.3d 403, 405 (9th Cir.1997) (quoting *MacDonald v. Pan American World Airways, Inc.,* 859 F.3d 742, 744 (9th Cir. 1988). Messer argues it was not.  He alleges that a legal interpretation of "chiropractor" would necessarily have contradicted the plan administrators.  But the Court need not return to this issue. As discussed above, at no point in their decision making process was Unum compelled to consult a legal opinion.  Thus, although a group other than Unum's medical consultants, e.g. legal professionals, could have interpreted "chiropractor" differently, this is not dispositive.  If Unum had no impetus to consult another group for its opinion on "chiropractor," it matters not how the other group hypothetically would have classified "chiropractor."  Rather, the question is simply if the decision was a reasonable interpretation of the plan's terms.

The Court is satisfied that Unum's construction of the plan's terms was reasonable and in good faith.  The plain meaning of "chiropractor" supports interpreting a visit to one as "medical...care and service."  Chiropractors are licensed doctors, most medical insurance plans cover their services, and it is a respected medical discipline.  The issue might have been gray had Messer visited an acupuncturist, and perhaps there would have been no debate if he had visited an aromatherapist.[2]  And there might be room for a theoretic discussion as to the precise definitions of "medical" and "chiropractic," but they are close enough to conclude Unum's decision was reasonable.  Additionally, the Court does not find the denial of benefits exhibited bad faith for the same reasons.

[2]Had the Court reviewed Unum's decision under the *de novo* standard of review, the same analysis would have affirmed Unum's decision.  Chiropractor falls squarely within the domain of "medical...care and services" in an ERISA claim.

Unum's decision was reasonable and in good faith.  It did not reflect an abuse of discretion.  It is therefore ORDERED that Defendant Unum's Motion for Summary Judgment is GRANTED.  Plaintiff Messer's Motion for Summary Judgment is DENIED.  The clerk of the Court is hereby instructed to send copies of this Order to all parties and counsel of record.

DATED this 26th day of May, 2005.


RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER                                                        8